# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| ANTHONY HARRIS, | Case No.: 3:22-cv-00556-ART-CSD |
|---|---|
| Plaintiff, | **ORDER** |
| v. | Re: ECF No. 61 |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff's Amended Motion for Appointment of Counsel. (ECF No. 61.) Plaintiff bases his motion on the fact that (1) he is unable to afford counsel, (2) the substantive issues and procedural matters in the case are too complex for Plaintiff's comprehension and abilities, (3) due to Plaintiff's incarceration, he cannot investigate, take depositions, or otherwise proceed with adequate discovery, and (4) Plaintiff has made repeated attempts to obtain counsel. (*Id.* at 4.) Plaintiff further claims that "during the month of April 2024, Plaintiff kept hearing about some paperwork of his being passed around," and has since been involved in three (3) fights with five (5) individuals, robbed, extorted, and was forced to call his family with a "ransom" with a knife pressed into his neck and side. (*Id.* at 3.)

While any *pro se* inmate such as Mr. Harris would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Thus far, Plaintiff has been able to successfully articulate his claims.

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

1    The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

Despite Plaintiff having asserted multiple claims against a broad range of employees of the Nevada Department of Corrections, the substantive claims involved in this action are not unduly complex. Plaintiff's Second Amended Complaint was allowed to proceed on the Eighth Amendment excessive force claims (Claim 1) against Defendants Noriega, Rigney, Stolk and Jacobs, the Eighth Amendment deliberate indifference to a serious medical need claim (Claim 2) against Defendants Cox, Rigney, Miller, Reubart, Drummond, Cooke, Dugan, Jones, Parento, Snow, Hunt, and Terrell, the Fourteenth Amendment due process disciplinary hearing claim (Claim 3) against Defendants Curtis Rigney, Cox, Stolk, Allred, and Gittere, the Fourteenth Amendment due process intentional deprivation of property claim (Claim 4) against Defendant Bradshaw, the Eighth Amendment failure to protect claim (Claim 5) against Defendant Noriega, the Eighth Amendment conditions of confinement claim based on the temperature of his cell and the lack of blankets (Claim 6) against Defendants Crowder and McCardle, the Eighth Amendment conditions of confinement claim based on an unsanitary cell (Claim 6) against Defendants Gittere, Reubart, Cooke, Homan, Jones, McCardle, Andrews, Araujo, and Boardman, the Eighth Amendment conditions of confinement claim based on lack of exercise (Claim 6) against Defendants Miller, Davis, Manner and Drummond, the First Amendment right to petition the government for redress of grievances claim (Claim 8) against Defendant Stolk, the Fourteenth Amendment due process to medical privacy claim (Claim 9) against Defendant Snow, and Plaintiff's claim under Article 1, Section 6 of the Nevada Constitution (Claim 11) against the

Defendants listed in Claims 1, 2, 5, and 6. Again, despite the numerosity of claims and Defendants, these claims are not so complex that counsel needs to be appointed to prosecute them.

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Amended Motion for Appointment of Counsel (ECF No. 61).

**IT IS SO ORDERED.**

Dated: July 16, 2024.

_____
Craig S. Denney
United States Magistrate Judge