UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY HARRIS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GITTERE, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:22-cv-556-ART-CSD<br><br>ORDER ADOPTING R&R<br><br>(ECF Nos. 82, 96) |

　　　Plaintiff Anthony Harris sought a preliminary injunction in his *pro se* civil rights suit against several Nevada Department of Corrections (NDOC) correctional employees and administrators. Magistrate Judge Denney issued a Report and Recommendation (R&R) denying Plaintiff's motion for a preliminary injunction because it lacked a sufficient nexus to the claims in his complaint. (ECF No. 96.) Plaintiff did not object.

　　　The Court adopts the R&R and denies the motion for preliminary injunction without prejudice.

**I. Background**

　　　Plaintiff's Second Amended Complaint alleges deliberate indifference claims against Ely State Prison Administrators for deliberate indifference to serious medical needs, violations of Plaintiff's due process rights, a failure-to-protect claim, three conditions-of-confinement claims, a retaliation claim, a medical privacy claim, and a Nevada Constitution claim. (*See* ECF No. 17.) Plaintiff's preliminary injunction seeks maintenance records for his cell at High Desert State Prison, video footage of his meal handouts at Ely, records about his transfer to Lovelock Correctional Center, a prohibition on moving the Plaintiff from his current unit, and fulfillment of his requests for medications, law library access, and medical shoes and mattresses.

1

**II. Standard of Review**

The Court is not required to "review . . . any issue that is not the subject of an objection" to an R&R. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see, e.g., United States v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

A party seeking a preliminary injunction must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm if preliminary relief is not granted, (3) the balance of equities is in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. *Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

A court may grant a preliminary injunction if there is "a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

**III.   Analysis**

Magistrate Judge Denney found that Plaintiff's motion is about different facilities and conduct not alleged in his Second Amended Complaint. (ECF No. 96.) The Court cannot grant Plaintiff's motion to the extent that it focuses on different facilities. To the extent that Plaintiff's motion concerns discovery deadlines and potential extensions for dispositive briefing, Plaintiff may file relevant motions or objections.

//

//

2

**IV. Conclusion**

The Court agrees with Judge Denney's R&R, adopts it (ECF No. 96), and denies Plaintiff's motion for a preliminary injunction (ECF No. 82) without prejudice.

DATED THIS 17th day of March 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE