UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY HARRIS,

    Plaintiff

v.

STATE OF NEVADA, et al.,

    Defendants

Case No.: 3:22-cv-00556-ART-CSD

**Order**

Re: ECF Nos. 119, 121

Plaintiff has filed a motion for an extension of the scheduling order deadlines. (ECF No. 119.) Defendants oppose the request. (ECF No. 120.) Defendants then filed their own motion to extend the current dispositive motions deadline by two weeks. (ECF No. 121.)

**I. BACKGROUND**

Plaintiff initiated this actin on December 21, 2022. (ECF Nos. 1, 1-1.) Several amendments were filed, and the court screened Plaintiff's second amended complaint on August 21, 2023, allowing Plaintiff to proceed with various constitutional civil rights claims. (ECF No. 19.)

The initial scheduling order was entered on February 23, 2024, setting the close of discovery for August 19, 2024, and the dispositive motions deadline for September 18, 2024. (ECF No. 41.)

Plaintiff sought and was granted an extension, making the close of discovery February 14, 2025, and the dispositive motions deadline March 17, 2025. (ECF No. 63.)

At Plaintiff's request, the parties participated in a settlement conference on January 27, 2025, but it was unsuccessful. (ECF Nos. 86, 94, 95, 98, 99, 101.)

Discovery closed on February 14, 2025. On March 13, 2025, Defendants filed a motion for an extension of the dispositive motions deadline, which was granted, making dispositive motions due on April 16, 2025. (ECF Nos. 102, 103.) Defendants filed another motion to extend the dispositive motions deadline, which was granted, making that deadline May 16, 2025. (ECF Nos. 109, 111.)

On May 15, 2025, Plaintiff filed a motion for an order to extend discovery, even though discovery had closed three months earlier. (ECF No. 115.) Plaintiff said he had removed himself from psychotropic medications, but this made him worse. He had also been taken off his pain medications and had endured five prison transfers. (ECF No. 115.) Defendants opposed the reopening of discovery, but they were agreeable to an extension of the dispositive motions deadline. (ECF No. 116.) The court declined to reopen discovery, finding Plaintiff had not demonstrated excusable neglect, but extended the dispositive motions deadline to July 31, 2015. (ECF No. 118.)

On July 1, 2025, Plaintiff filed another motion seeking an extension of the scheduling order deadlines by 180 days. He states that he has no attorney, is facing an inadequate law library system, has been making efforts to see a psych doctor, and now has access to a jailhouse assistant (though it is unclear how long this will be the case). He intends to conduct the following discovery: interrogatories; depositions; discovery regarding prior bad acts, departmental regulations, institutional procedures, and the use of force review for this incident; and collect staff and inmate witness statements. (ECF No. 119.) Defendants oppose Plaintiff's request to reopen discovery. (ECF No. 120.)

On July 30, 2025, Defendants filed a motion requesting a two-week extension of the dispositive motions deadline to August 14, 2025. (ECF No. 121.)

## II. DISCUSSION

When a motion to extend time is filed before the time period expires, the court may grant the extension on a showing of good cause with or without motion or notice if the court acts, or if a request is made. Fed. R. Civ. P. 6(b)(1)(A).

When a motion to extend time is filed "after the time has expired" pursuant to Federal Rule of Civil Procedure 6(b), the court may extend the time upon a showing of and "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also* LR IA 6-1(a). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahancian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Ins. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.3d 74 (1993)).

The court already denied Plaintiff's motion to reopen discovery. Plaintiff's current motion does not include any additional facts that would cause the court to reconsider its prior order. Discovery closed over five months ago. Plaintiff had roughly a year to conduct discovery: from February 2024 to February 2025. He provides no explanation as to why he did not propound any discovery during that time period. While he does not have counsel, and now has access to an inmate legal assistant, he has been able to reasonably articulate himself in this litigation to date. His vague assertions of why the court should reopen discovery do not rise to the level of excusable neglect. Therefore, his second motion to reopen discovery is denied.

The court will grant Defendants' request for a brief two-week extension of the dispositive motions deadline; however, there will be no further extensions of this deadline barring an emergency.

### III. CONCLUSION

Plaintiff's motion seeking to reopen discovery and extend the deadlines by 180 days (ECF No. 119) is **DENIED**.

Defendants' motion for a two-week extension of the dispositive motions deadline (ECF No. 121) is **GRANTED**. Dispositive motions must be filed on or before **August 14, 2025**. There will be no further extensions of this deadline barring an emergency.

**IT IS SO ORDERED**.

Dated: July 31, 2025

_____
Craig S. Denney
United States Magistrate Judge