UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY HARRIS,

    Plaintiff

v.

STATE OF NEVADA, et al.,

    Defendants

Case No.: 3:22-cv-00556-ART-CSD

**Order**

Re: ECF No. 124

Before the court is Defendants' motion for leave to file Exhibits B, C, D, E, and G under seal in connection with their motion for summary judgment. (ECF No. 124.)

When the documents sought to be sealed are "more than tangentially related to the merits of a case," as they are here, the court must find compelling reasons support the sealing of the documents. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096-97, 1101 (9th Cir. 2016).

Defendants argue that Exhibit B, which is a DVD containing a recording from a hand-held camera of the use of force at issue in this matter, should be sealed because it shows the general layout of the institution's property room and has the potential to jeopardize safety and security of the institution. Exhibit C is a DVD containing a stationery recording of the use of force at issue in this matter, which Defendants also argue could potentially jeopardize safety and security. The court will accept Defendants' representations regarding the safety and security concerns posed by the public release of these recordings, and will allow them to remain sealed.

Exhibit D contains Plaintiff's medical records. This court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a "compelling

reason" for sealing records because the plaintiff's interest in keeping his sensitive health information confidential outweighs the public's need for direct access to the medical records.

Exhibit E contains Plaintiff's information summary and case notes. Exhibit G contains relevant portions of Plaintiff's institutional file. Defendants assert there is little need for public disclosure of this information as compared to the significant interest in preserving the confidentiality of this private and sensitive information. Defendants do not provide any specific argument regarding what is confidential or sensitive in these exhibits. Nor do they assert any specific argument regarding how disclosure of this information would jeopardize safety and security. The motion will be denied as to Exhibits E and G. However, the court will direct that the exhibits remain under seal for a period of time so that Defendants may file, if they wish, a new motion which articulates specific arguments regarding why Exhibits E and G should remain sealed.

## CONCLUSION

Defendants' motion (ECF No. 124) is **GRANTED** with respect to Exhibits B, C, and D. The motion is **DENIED** as to Exhibits E and G; however, Exhibits E and G shall remain **SEALED** provisionally. Defendants have until **January 19, 2026**, to file a renewed motion for leave to file Exhibits E and G consistent with this Order. If Defendants do not file a renewed motion within this timeframe, Exhibits E and G will be unsealed. If a motion is timely filed, the court will address whether the exhibits shall remain sealed in due course.

**IT IS SO ORDERED**.

Dated: January 5, 2026

_____
Craig S. Denney
United States Magistrate Judge